UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.   :   CR. No. CR 06 138-01T

LITTLE RHODY BEAGLE CLUB, INC.   :

FILED
NOV 1 5 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and Defendant, LITTLE RHODY BEAGLE CLUB, INC. ("LRBC"), by and through its undersigned attorney, have reached the following agreement:

1. Defendant is charged in a six-count Information which charges one count of violating the Migratory Bird Treaty Act (MBTA), 16 U.S.C. §703 (a Class B misdemeanor), and five counts of violating the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), in violation of 7 U.S.C. §136j (class C misdemeanors). Defendant will plead guilty to the Information.

2. In exchange for Defendant's plea of guilty:

   a. The parties understand that, because the offenses in this case are Class B and C misdemeanors, pursuant to U.S.S.G. §1B1.9, the United States Sentencing Guidelines (guidelines) do not apply to this case. Accordingly, the parties agree that the following specific sentence is the appropriate disposition of the case:

i.  1 year probation, with the following special conditions:

- LRBC will require that club president William Forward be barred from membership in the club for a period of 9 months;
- LRBC will bar club president William Forward from holding any office in LRBC for a period of one year;
- LRBC will require that club vice president Steve Zubik step down from his office, and be barred from holding any office in the club for one year;
- LRBC will waive its fourth amendment rights so as to allow for periodic inspection by federal and state law enforcement officers, to ensure compliance with the MBTA, FIFRA, and state laws regulating the use of animal traps;
- LRBC will forfeit all interest in the the .22 caliber rifle and all leghold traps seized from LRBC; and
- LRBC will not allow firearms on its premises.

    ii. a $20,000 total fine, distributed as follows:

- Count 1: $15,000, to be paid, as per 16 U.S.C. §4406(b), to the North American Wetlands Conservation Account, managed by the Fish and Wildlife Service of the Department of the Interior;
- Counts 2-6: $1000 per count.

3. The maximum statutory penalties for the offense(s) to which Defendant is pleading are as follows:

Count 1:

 a. a fine of up to $15,000;

 b. a probationary term of five years;

 c. a mandatory special assessment of $50.00.

Counts 2-6:

 a. a fine of up to $1000;

 b. a probationary term of five years;

 c. a mandatory special assessment of $25.00.

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are a fine of $20,000; a probationary term of ten years; and the mandatory special assessment total of $175.

4. Defendant agrees that, after its authorized representative and its counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a

money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments.

    5.    Defendant is advised and understands that:

        a.    The government has the right, in a prosecution for perjury or making a false statement, to use against the Defendant any statement that the Defendant gives under oath;

        b.    Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

        c.    Defendant has the right to a jury trial;

        d.    Defendant has the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and every other stage of the proceeding;

        e.    Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and that

        f.    Defendant waives these trial rights if the court accepts a plea of guilty.

    6.    Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of

this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

7.   The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

8.   Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives its right to file a direct appeal, if the sentence agreed to by the parties is imposed by the Court. This

agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

9. This agreement is binding on the government only if Defendant pleads guilty, fulfills all its obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if it violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw its guilty plea.

10. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

11. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced it to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

12. Defendant's attorney states that he has read this agreement, been given a copy of it for his file, explained it to

his client, and states that to the best of his knowledge and belief, his client understands the agreement and that the person executing this agreement on behalf of the Defendant is authorized to do so.

13. Defendant states that its authorized representative has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

LITTLE RHODY BEAGLE CLUB, INC.　　　　　Date 10/19/06
Defendant
BY: *M Richard LeCour*
(Print name & corporate office held)
M. Richard Leour　　President

*Richard K Corley*　　　　10/19/06
RICHARD K. CORLEY, ESQ.　　　Date
Counsel for Defendant

*Terrence P. Donnelly*　　　11/13/06
TERRENCE P. DONNELLY　　　Date
Assistant U.S. Attorney

*Kenneth P. Madden*　　　11-13-2006
KENNETH P. MADDEN　　　Date
First Assistant U.S. Attorney

7